# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRONE MADDOX,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 19-1384** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA's DEPARTMENT OF** | : | |
| **CORRECTIONS,** *et al.*, | : | |
|     **Defendants.** | : | |

**FILED APR 30 2019 KATE BARKMAN, Clerk By_____ Dep. Clerk**

## MEMORANDUM

**TUCKER, J.**                                                                                                                                        **APRIL 29, 2019**

    Plaintiff Tyrone Maddox, a prisoner incarcerated at SCI Mahanoy, filed this *pro se* civil action against Defendants the Pennsylvania Department of Corrections, Correct Care Solutions and Geisinger Medical Center. For the following reasons, because it appears that Maddox is unable to afford to pay the filing fee, the Court will (1) grant him leave to proceed *in forma pauperis*, (2) and dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTS

    Maddox alleges that he received an operation to repair a hernia during which a hernia mesh was placed in his body. (ECF No. 2 at 5.)[1] Two months after the surgery, the hernia reopened causing discomfort, pain, some bowel destruction, and infection around the area of the mesh. (*Id.*) He alleges the hernia was enlarged, that he went to sick call at the prison, and that the prison medical service provider, Defendant Correct Care Solutions, placed a binder on the

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

1

hernia to hold it in place. (*Id.* at 5, 7.) The mesh was surgically inserted at Defendant Geisinger Medical Center. (*Id.* at 5.)

## II. STANDARD OF REVIEW

As Maddox is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Maddox is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Although Maddox has filed his Complaint using the Court's preprinted form for prisoners to use to file civil rights claims, the allegations make clear that he intends to sue the Defendants for medical malpractice.[2] To the extent that his Complaint can be read to assert constitutional claims based on deliberate indifference to his medical needs, such a claim is not plausible. A prisoner's § 1983 claim based on a failure in medical treatment must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the

---

[2] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Maddox makes no assertion that his constitutional rights were violated by his hernia surgery.

2

official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

"Where prison officials know of the prisoner's serious medical need, deliberate indifference will be found where the official '(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.'" *Bearam v. Wigen*, 542 F. App'x 91, 92 (3d Cir. 2013) (per curiam) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)); *see also Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 187 (3d Cir. 2015) (per curiam) ("Delay or denial of medical care violates the Eighth Amendment where defendants are deliberately indifferent to a prisoner's serious medical need."). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Maddox's Complaint fails to plausibly allege that the Defendants were deliberately indifferent to his serious medical needs. His description of the events giving rise to his claims discloses that he received appropriate medical treatment for his hernia including surgical repair and follow up treatment for the post-surgical issues he encountered from the implantation of the mesh. Maddox's allegations constitute only state law claims of medical malpractice or that the mesh product was defective, neither of which rise to the level of a constitutional violation.

The only other basis for the Court to exercise jurisdiction over Maddox's state law claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

3

costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it was incorporated as well as the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). "[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420. "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Maddox appears to be a citizen of Pennsylvania as are all the private party Defendants. Accordingly, complete diversity is lacking, and the Court will dismiss Maddox's state law claims for lack of jurisdiction without prejudice to Maddox refiling those claims in state court.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant leave to proceed *in forma pauperis* and dismiss Maddox's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal is without prejudice to Maddox filing his claims in an appropriate state court.

BY THE COURT:

*[signature]*
PETRESE B. TUCKER, J.

4